**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND,

Plaintiffs,

v.

MY-SIGNGUY.COM, INC.
an Illinois corporation, a/k/a MY SIGN GUY

Defendant.

No. 25-cv-5754

# COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Paul M. Egan, Grant R. Piechocinski, James R. Anderson, and ARNOLD AND KADJAN LLP, complain against Defendant MY-SIGNGUY.COM, INC., an Illinois corporation, a/k/a MY SIGN GUY, as follows:

## Jurisdiction and Venue

1. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331. Jurisdiction is also founded on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(c) et seq, and federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

**The Parties**

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust Agreements ("Trust Agreements") which established the Funds.

6. Defendant **MY-SIGNGUY.COM, INC.**, an Illinois corporation, a/k/a **MY SIGN GUY** ("MY SIGN GUY") is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about **June 3, 2022** whereby **MY SIGN GUY** agreed to be bound by the provisions of the Labor Agreement with the Union. A copy of the Labor Agreement is attached as "**EXHIBIT A**."

**The Agreements**

7. Pursuant to the provisions of the Labor Agreement, **MY SIGN GUY** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope

described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **MY SIGN GUY** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **MY SIGN GUY** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **MY SIGN GUY** to pay liquidated damages, interest, auditing fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

**The Claim**

9. Upon information and belief, Plaintiffs are advised that **MY SIGN GUY** has breached the provisions of the Labor Agreement and Trust Agreements by failing to pay all of the reports and contributions for the period from December 1, 2024 through the present. **MY SIGN GUY** has also breached the Labor Agreement and Trust Agreements by not paying contributions on required due dates and owes, on information and belief, liquidated damages on those amounts.

10. To determine the extent of Defendant's liability, Plaintiffs require a fringe benefit contribution compliance audit of Defendant's books and records for the period of **March 1, 2024 through the present**.

11. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **MY SIGN GUY.**

12. **MY SIGN GUY** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

13. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

(i) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. That this Court order **MY SIGN GUY** to pay all monthly contributions owed for the period of December, 2024 through the present;

B. That this Court order **MY SIGN GUY** to submit all necessary books and records to Plaintiff's auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds for an audit for the period of **March 1, 2024 through the present,** and that judgment be entered in favor of Plaintiffs on all amounts shown to be due and owing on the audit;

C. That this Court enjoin **MY SIGN GUY** from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and order **MY SIGN GUY** to resume making those payments; and

D. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, including any liquidated damages that may have been unpaid at the time this action was commenced, all as provided in the applicable agreements and 29 U.S.C. Section 1132(g)(2)(D); and

E. That this Court award such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, et al.,**

By: /s/ James R. Anderson
One of their Attorneys

PAUL M. EGAN
JAMES R. ANDERSON
GRANT R. PIECHOCINSKI
ARNOLD AND KADJAN, LLP
35 E. Wacker Drive, Suite 600
Chicago, IL 60601
(312) 236-0415